902 F.2d 44
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Pauline NECKER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 89-3438.
 United States Court of Appeals, Federal Circuit.
 April 10, 1990.
 
 Before RICH and MICHEL, Circuit Judges, and L.T. SENTER, Jr., Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 Pauline Necker appeals from the March 28, 1989 Initial Decision of the Administrative Judge (AJ) in Docket No. AT08318910217, which became the final decision of the Merit Systems Protection Board (MSPB) when the MSPB declined review on August 8, 1989. We affirm.
 
 OPINION
 
 2
 The AJ properly recognized that Mrs. Necker has the burden to prove that she is entitled to survivor annuity benefits. Mrs. Necker does not dispute that she was not married to Mr. George A. Necker for at least 10 years during creditable service,[1] nor that she was not at least 50 years old on May 7, 1987. Thus, Mrs. Necker is lacking two of the prerequisites for entitlement to survivor annuity benefits for a former spouse of an employee who retired before May 7, 1985. See Civil Service Retirement Spouse Equity Act of 1984, Pub.L. 98-615, Sec. 4, 98 Stat. 3204-07 (1984), as amended by the Federal Employees Benefits Improvement Act of 1986, Pub.L. 99-251, Title II, Sec. 201, 100 Stat. 14, 20-23.
 
 
 3
 Mrs. Necker appears to suggest that she is only lacking the age requirement and that since she was very close to 50 years old on May 7, 1987, the agency should waive that requirement. First, as noted above, Mrs. Necker is lacking both the age requirement and the requirement that she be married to Mr. Necker during 10 years of creditable service. Secondly, the requirements for entitlement to annuity beneifts are set by Congress, and this court is without the authority to waive them.
 
 
 
 [1]
 We see no evidence in the record that Mr. Necker had any creditable service after his marriage to Petitioner on October 27, 1973, or indeed after this retirement on April 1, 1963